# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Belinda Hill, <br><br>      Plaintiff, <br><br>vs. <br><br>Equifax Information Services, LLC, <br>a Georgia limited liability company, <br><br>Trans Union, LLC, <br>an Illinois limited liability company, and <br><br>First Premier Bank, <br>a foreign bank, <br><br>      Defendants. | Case No.: <br><br><br>**COMPLAINT** <br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, BELINDA HILL, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Atlanta, DeKalb County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Atlanta, DeKalb County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia; and

    c. First Premier Bank ("First Premier") is a foreign bank that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. First Premier is inaccurately reporting its Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

8. Plaintiff no longer disputes the Errant Tradeline.

9. On May 29, 2020, Plaintiff obtained her Equifax and Trans credit disclosures and noticed the Errant Tradelines inaccurately reporting with an erroneous notation of "account in dispute."

10. On or about July 2, 2020, Plaintiff submitted a letter to Equifax and Trans Union, requesting the credit bureaus to remove the notation of "account in dispute."

11. Equifax and Trans Union forwarded Plaintiff's consumer dispute to First Premier.

12. First Premier received Plaintiff's consumer dispute from Equifax and Trans Union.

13. Equifax, Trans Union and First Premier did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

14. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on August 21, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and First Premier failed or refused to remove the notation of "account in dispute."

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also

experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. First Premier negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute." .

19. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

20. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Plaintiff has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

25. First Premier willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

30. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

31. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

32. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

37. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

38. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

39. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

45. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 29, 2020

By: */s/ Matthew Landreau*

           Matthew Landreau
           Bar Number 301329
           22142 West Nine Mile Road
           Southfield, MI 48033
           Telephone: (248) 353-2882
           Facsimile: (248) 353-4840
           E-Mail: matt@crlam.com
           *Attorneys for Plaintiff,*
           *Belinda Hill*